James T. **DHALLUIN**

v.

Howard **McKIBBEN**, et al.

No. **CV–N–88–17–ECR.**

United States District Court, D. Nevada.

March 14, 1988.

James T. Dhalluin, pro se.

No appearance for defendants.

EDWARD C. REED, Jr., Chief Judge.

## MINUTE ORDER IN CHAMBERS

James T. Dhalluin, *pro se*, initiated this action on June 29, 1987 (docket # 1). He sues Howard McKibben, Phillip Pro, and Lloyd George, all United States District Judges for this district (Defendant Pro was a United States Magistrate when the events plaintiff complains of occurred.). Plaintiff asserts that the defendants have violated, and have conspired to violate, his constitutional rights through protective orders, ex parte rulings, failure to rule on motions, deception, dismissals, and delay. Plaintiff seeks $800,000 in compensatory damages, $1,500,000 in punitive damages, removal of defendants from the bench, a declaratory judgment opening plaintiff's actions to inspection by the United States Attorney General, and an injunction preventing the defendants from taking further action on any of plaintiff's cases.

By order of December 7, 1987, the United States Magistrate granted plaintiff leave to proceed in forma pauperis and ordered that his complaint be filed (docket # 3). However, on December 21, 1987, the Magistrate issued a report and recommendation recommending dismissal of plaintiff's action without prejudice and without service on defendants for the reason that it is frivolous within the meaning of 28 U.S.C. § 1915(d) (docket # 4).

The Court agrees with the report and recommendation. The plaintiff's action is frivolous in that it includes no allegations upon which this Court may grant relief.

Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986). Judicial immunity applies however erroneous the judicial acts may have been, and however injurious in their consequences they may have proved to the plaintiff. *Id.* The purpose of the rule of judicial immunity is to promote uninhibited judicial decision making. *Stump v. Sparkman,* 435 U.S. 349, 355, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978).

The acts of the defendants complained of by plaintiff were judicial acts within the defendants' jurisdiction. The defendants are immune from plaintiff's damage claims.

Further, this Court is without power to grant the injunctive and declaratory relief sought by plaintiff. The defendants sit as judges on this court, the United States District Court for the District of Nevada. The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction. The plaintiff's remedy lies with the United States Court of Appeals for the Ninth Circuit.

Moreover, 28 U.S.C. § 137 provides in relevant part:

The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.

The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

LR 110–1 provides:

The business of this court shall be divided among the judges in such manner

as they shall from time to time determine and shall so indicate by formal order to the clerk.

Special Order No. 64 of this Court, issued August 7, 1987, governs the assignment of cases in this Court. An injunction preventing certain judges of the Court from handling the cases of a specific person would be in violation of 28 U.S.C. § 137, LR 110–1, and Special Order No. 64.

*IT IS, THEREFORE, HEREBY ORDERED* that the Report and Recommendation (docket # 4) of the United States Magistrate, filed and entered January 4, 1988, is AFFIRMED and ADOPTED.

*IT IS FURTHER ORDERED* that plaintiff's action is DISMISSED without prejudice and without service upon defendants.