United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-60979

CITIFINANCIAL CORP.; CITIFINANCIAL, INC.,
formerly known as Citifinancial of Mississippi, Inc.; and
AMERICAN HEALTH AND LIFE INSURANCE CO.,

Plaintiffs-Appellees,

versus

BILLY HARRISON and KIM HARRISON,

Defendants-Appellants.

Appeal from the United States District Court
For the Southern District of Mississippi

Before HIGGINBOTHAM and DeMOSS, Circuit Judges.[*]

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This case involves two separate civil actions concerning the same dispute between essentially the same parties, both actions ultimately residing in the United States District Court for the Southern District of Mississippi before two different Article III judges. In one of the actions, the judge compelled Billy and Kim Harrison to arbitration under the Federal Arbitration Act and stayed proceedings on their substantive claims then pending before the other federal judge. In the other action, the judge disposed of other parties and "administratively dismissed" the remainder of

---

[*]Judge Priscilla Owen was a member of the panel that heard oral arguments. She has since recused and has not participated in this decision. The case is being decided by a quorum. *See* 28 U.S.C. § 46(d); *Matter of Volpe*, 943 F.2d 1451, 1451 n.* (5th Cir. 1991).

the case. The Harrisons appeal, and we dismiss for lack of jurisdiction.

## I

Billy and Kim Harrison, both residents of Mississippi, obtained a home-renovation loan from CitiFinancial pursuant to a loan agreement, signed by the Harrisons and by Mario Arellano, a CitiFinancial employee. Despite the loan agreement's arbitration clause, the Harrisons, Annie Newton, and Bobby McLaurin brought state-law claims against CitiFinancial, Arellano, and American Health and Life Insurance Company, CitiFinancial's wholly owned insurer, in a Mississippi state court.[1]

CitiFinancial, Arellano, and American Health removed the case to the United States District Court for the Southern District of Mississippi, alleging that defendant Arellano, also a resident of Mississippi, was improperly joined to defeat diversity jurisdiction. The removed case fell to Judge Barbour. The Harrisons moved to remand, but Judge Barbour withheld ruling pending this Court's en banc decision in *Smallwood v. Illinois Central Railroad Co.*[2]

With a wary eye on the issue of fraudulent joinder to be decided in *Smallwood* and wanting to proceed to arbitration, defendants CitiFinancial and American Health, but not Arellano, the

---

[1] Bobby McLaurin was dismissed from the case for failure to prosecute.

[2] 385 F.3d 568 (5th Cir. 2004) (en banc).

local defendant, filed a separate civil action against the Harrisons––and only the Harrisons––in the United States District Court for the Southern District of Mississippi. That matter fell to Judge Wingate. There, CitiFinancial and American Health petitioned the district court to compel arbitration under section 3 of the Federal Arbitration Act and sought a stay of the proceedings in Judge Barbour's court.

Judge Wingate granted CitiFinancial and American Health's motion to compel arbitration, finding that the Harrisons' claims were covered by a valid arbitration clause. As requested by CitiFinancial and American Health, Judge Wingate's order compelling arbitration stated, "All matters in civil action 3:03-cv-523BN [the Barbour action] pertaining to [the Harrisons'] claim are hereby stayed." Judge Wingate entered a final judgment, and the Harrisons filed a timely notice of appeal from Judge Wingate's order. That appeal was docketed in this Court as Number 04-60979, and it is the matter currently before this Court.

Following this Court's ruling in *Smallwood*, Judge Barbour concluded that resolution of the motion to remand in the original action was unnecessary because Judge Wingate had stayed the Harrisons' substantive claims. CitiFinancial and American Health, but not Arellano, filed a motion to compel plaintiff Annie Newton, who was not a party to the proceeding in Judge Wingate's court, to arbitration, which Judge Barbour granted. Judge Barbour noted that

3

Arellano was not a party to the motion to compel and ordered Newton to inform the court within ten days whether she intended to proceed against Arellano. Newton did not respond.

CitiFinancial, American Health, and Arellano then filed a motion to dismiss or, in the alternative, to stay proceedings pending arbitration. Judge Barbour granted the motion, noting that the Harrisons were compelled to arbitration by Judge Wingate, that Newton was compelled to arbitration in a previous ruling, and that Newton failed to inform the court that she intended to pursue claims against Arellano. As such, Judge Barbour entered a final judgment dismissing all claims against Arellano. Then, Judge Barbour ordered that the case be "administratively dismissed from the active docket of this Court" subject to "any remaining party['s]" motion "to re-open this case if further judicial intervention is necessary to enforce the rulings of this Court, or to enforce the rulings of the arbitrator." No party has appealed from Judge Barbour's order.[3]

## II

We raise jurisdiction on our own.[4] Section 16 of the Federal Arbitration act limits our jurisdiction over orders relating to

---

[3]We have taken judicial notice of the proceedings in Judge Barbour's court. *See Missionary Baptist Foundation of Am. v. Huffman*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings and draw reasonable inferences therefrom.").

[4]*See Int'l Ass'n of Machinists & Aerospace Workers Local Lodge 2121 v. Goodrich Corp.*, 410 F.3d 204, 207 (5th Cir. 2005).

4

arbitration.  We can hear an appeal from "a final decision relating to arbitration," but we cannot hear an appeal from an interlocutory order "granting a stay of any action under section 3 of this title."[5]  "Final decision" takes its "well-developed and longstanding" meaning--that is, a decision is final when it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment."[6]  Our jurisdiction turns on whether we look only to Judge Wingate's order compelling arbitration, or whether we read Judge Wingate's order in light of the proceedings in Judge Barbour's court.

A

If we only examine Judge Wingate's order, then we would have jurisdiction to consider the Harrisons' appeal.  The only issue before Judge Wingate was CitiFinancial and American Health's petition to compel arbitration under section 3 of the FAA.  That petition was granted, and Judge Wingate entered a final judgment compelling arbitration.  Twice, we have resolved this issue, both times concluding that we had jurisdiction.  This is so, because "the federal action did not contain any substantive claims" and "there was nothing for the district court to dismiss."[7]  Put

---

[5] 9 U.S.C. § 16(a)(3), (b)(1).

[6] *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000).

[7] *Am. Heritage Life Ins. Co. v. Beasley*, 37 Fed. Appx. 712 (5th Cir. May 22, 2002); *Conseco Fin. Servicing Corp. v. Shinall*, 51 Fed. Appx. 483 (5th Cir. Oct. 1, 2002).

5

another way, once the court compelled arbitration, there was nothing more for it to do but execute the judgment.[8]

B

If we examine Judge Wingate's order in light of the action in Judge Barbour's court, then we would not have jurisdiction to consider the Harrisons' appeal. Judge Wingate did two things: first, he ordered the Harrisons to arbitration; and second, he stayed proceedings in Judge Barbour's court. Judge Barbour respected that ruling, and the Harrisons' claims are still pending there. Taken together, we have an order compelling arbitration and a stay of the underlying proceedings. Consistent with section 16 of the FAA, "An arbitration order entering a stay, as opposed to a dismissal, is not an appealable order."[9]

That conclusion is somewhat complicated by the later history of the case. Judge Barbour dismissed with prejudice all claims against Arellano, but he was not a party to CitiFinancial and American Health's independent action and is not a party to the present appeal. Judge Barbour then stated, "It is further ordered that this case is hereby administratively dismissed from the active docket of this Court. However, any remaining party may move to re-open this case if further judicial intervention is necessary to

---

[8]*Green Tree*, 531 U.S. at 86; *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978).

[9]*Green Tree*, 531 U.S. at 87 n.2; *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 309 (5th Cir. 2003); *see also* 9 U.S.C. § 16(b)(1).

6

enforce the rulings of this Court, or to enforce the rulings of the arbitrator."

We must determine if an "administratively dismissed" case is a "final decision" under the FAA, and we conclude that it is not. To be sure, the case was not dismissed using the usual language of dismissal, but we are not bound by the district court's words.[10] Further, on two occasions, we have held that when a district court "administratively closes" a case, that action was equivalent to a stay, prohibiting appellate review.[11] This is so, because administratively closing a case is merely a case-management tool used by district court judges to obtain an accurate count of active cases.[12] Just as an administratively closed case can be "reopened

---

[10]*See Gulf Guaranty Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 482 (5th Cir. 2002) (given that the record showed the "clear intent" of the district court that its order be appealable under *Green Tree*, the order was a final decision under section 16).

[11]*See Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004); *South La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 298, 302 (5th Cir. 2004) (same); *see also Dees v. Billy, M.D.*, 394 F.3d 1290, 1294 (9th Cir. 2005); *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1099 (6th Cir. 2002); *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004); *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999); *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001). *But see Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 707-08 (5th Cir. 2002) (holding that a case "CLOSED," as opposed to "administratively closed," was a final order).

[12]*Mire*, 389 F.3d at 167 ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)."); *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999) ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases."); *Corion Corp. v. Chen.*, 964 F.2d 55, 56-57 (1st Cir. 1992). *Lehman* "endorsed the judicious use of administrative closings in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time," citing specifically arbitration proceedings. *Lehman*, 166 F.3d at 392 n.3.

7

upon request of the parties or on the court's own motion,"[13] Judge Barbour's order administratively dismissing the Harrisons' substantive claims states that "any remaining party may move to re-open" the case if judicial intervention is necessary. The Harrisons' substantive claims removed from the "active docket," by definition then resided on an "inactive docket." In contrast, a fully "dismissed" case is removed from the docket, terminated indefinitely, and restarted only upon the filing of a new complaint. That is not the case here. Under these limited circumstances, the Harrisons' "administratively dismissed" case is in the same posture as an "administratively closed" case. Therefore, should we consider Judge Wingate's order in light of the proceedings in Judge Barbour's court, we would not have a "final decision" appealable under section 16 of the FAA.

C

As illustrated, how we view the proceedings below determines the jurisdictional question, and we conclude that Judge Wingate's order must be reviewed in light of the proceedings in Judge Barbour's court. First, examining both proceedings is most consistent with the strong federal interest--expressed by both the

---

[13]*Mire*, 389 F.3d at 167; *see also Miss. Fleet Card, L.L.C. v. Bilstat, Inc.*, 175 F. Supp. 2d 894, 904 (S.D. Miss. 2001) (Barbour, J.) (granting petition to compel arbitration under FAA, ordering "that as arbitration has been compelled and all issues in this case disposed of, the Clerk of the Court is to administratively close this case," and noting that "[e]ither party may seek, by motion, to reopen this case in the event further action is required by the Court").

Congress and the Supreme Court--in favor of arbitration.[14] Examining both pushes this case to arbitration quickly, foregoing delay while the merits are considered on appeal. Moreover, we have two orders from two Article III judges of the same United States District Court. "[J]urisdiction is lodged in a court, not in a person."[15] Two points must be stressed: first, Judge Barbour respected Judge Wingate's stay order, entering various orders disposing of other parties in the case and putting the matter on hold pending arbitration; and second, the Harrisons' substantive claims have not been dismissed by any district court. Functionally, this case sits in a posture no different than had both orders been issued by a single district court judge, a situation in which we would conclude we lacked jurisdictions under section 16.

We do not retreat from the notion that one district court judge, whether as a matter of respect and institutional orderliness, if not jurisdiction, should shy from involvement in a case proceeding before another Article III judge.[16] Although

---

[14]*See* 9 U.S.C. § 3 (mandatory stay provision); *id.* § 4 (provision for ordering arbitration); *id.* § 16 (provision authorizing immediate appeals only from orders disfavoring arbitration and forbidding immediate appeals from orders favoring arbitration); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[15]*In re Brown*, 346 F.2d 903, 910 (5th Cir. 1965).

[16]*See In re McBryde*, 117 F.3d 208, 225 (5th Cir. 1997); *Dhalluin v. McKibben*, 682 F. Supp. 1096, 1097 (D. Nev. 1988) ("[T]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.").

CitiFinancial and American Health asked Judge Wingate to stay proceedings in Judge Barbour's court, the prudent--and perhaps required--course would have been to decline the request or transfer the matter to the judge with the first-filed case or otherwise defer. The Harrisons objected to the stay order in their moving papers, contending that CitiFinancial and American Health already selected a forum for resolution of their petition to compel arbitration when they raised the issue as an affirmative defense in Judge Barbour's court. Judge Wingate's order compelling arbitration and staying proceedings in Judge Barbour's court did not specifically address that issue, thus implicitly rejecting it. The power of one district court judge to stay proceedings pending arbitration in another district court judge's court is a question we need not decide today, as the Harrisons did not pursue that issue on appeal. Significantly, the sum of the actions of the two judges was a cooperative response to issues arising out of the same dispute, and in the largely "uncharted waters of superintendence of Article III judges,"[17] we proceed only as far as necessary. Since the parties and the judges treated these two actions as one, we will do the same. While the hard edge of jurisdiction is not softened by expediency and immediacy of need, its principles must read on the reality of the contest.

**III**

---

[17] *In re McBryde*, 117 F.3d at 209.

10

Accordingly, this case is dismissed for lack of jurisdiction.