**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

———————————————

BANK OF NOVA SCOTIA, and
CREEKSTONE FARMS PREMIUMS
BEEF, LLC,

      Plaintiffs-Appellants,

v.

SUITT CONSTRUCTION
COMPANY, INC.,

      Defendant-Appellee.

No. 05-3463
(D.C. No. 05-CV-1083-JTM)
(D. Kan.)

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **LUCERO**, **McCONNELL**, and **HOLMES**, Circuit Judges.

———————————————

This Court ordered the parties on November 9, 2006 to be prepared to

address at oral argument why this appeal is not moot. Oral argument was held on

November 13, 2006. At oral argument, the mootness issue was discussed.

However, the parties only reached agreement that this Court lacked appellate

jurisdiction under 28 U.S.C. § 1291. More specifically, they agreed that the

challenged Order - the district court's November 4, 2005 Order in the parties'

———————————————

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006)
and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

second federal action - was not a "final order" within the meaning § 1291.

We are not bound by the parties' agreement, nor the rationale underlying it. Exercising our independent obligation to determine the existence of a "case" or "controversy" within the meaning of Article III of the United States Constitution, *see Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001), we hold that the instant appeal has been rendered moot by virtue of the arbitration panel's October 12, 2006 award.

The sole relief requested by plaintiffs-appellants Bank of Nova Scotia and Creekstone Farms Premium Beef, L.L.C. (collectively "plaintiffs") in the second federal action was a stay of the arbitration proceeding commenced by defendant-appellee Suitt Construction Company, Inc. ("Suitt"). Plaintiffs contended that such relief was appropriate because Suitt's counterclaim against it was not arbitrable. The stay question is the only one presented by this appeal. Specifically, plaintiffs argue that the district court erred in declining to stay the arbitration of Suitt's counterclaim.

The arbitration proceeding on Suitt's counterclaim, however, is now over. It concluded in September 2006. And, on October 12, 2006, the arbitration panel issued an Order finding that Suitt was entitled to recover against plaintiffs the unpaid contract balance in the amount of $2,127,250.[1] The completion of the

---

[1] Plaintiffs conceded at oral argument that the only relief they sought in the second federal action was to enjoin the arbitration and that the arbitration of

(continued...)

-2-

arbitration of Suitt's counterclaim and the issuance of the October 12, 2006 Order prevent this Court from granting plaintiffs any effective relief in this appeal. *See Casad v. U.S. Dep't of Health and Human Serv.*, 301 F.3d 1247, 1254 (10th Cir. 2002) ("When events occur that prevent the appellate court from granting any effective relief, an issue is moot.").[2]

We therefore **DISMISS** the instant appeal for lack of subject matter jurisdiction, **VACATE** the district court's November 4, 2005 Order,[3] and **REMAND** this mooted action to the district court for dismissal without

---

[1](...continued)
Suitt's counterclaim "has taken place."

[2]     Suitt suggested at oral argument that the appeal would not be moot until the arbitration panel resolved the outstanding issue of calculating Suitt's attorney's fees and expenses as the prevailing party. We reject this suggestion. Plaintiffs' application for a stay sought to enjoin the arbitration of Suitt's counterclaim - an event that already has taken place. Furthermore, the October 12, 2006 award of contract damages (and post-award interest) on this counterclaim is currently subject to confirmation by the district court in the first federal action pursuant to § 9 of the FAA. *See* 9 U.S.C.A. § 9 (party may seek order from district court confirming "award made pursuant to the arbitration"); *cf. Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) (adopting in the § 1291 context a "uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final").

[3]     We follow the general practice among federal courts and invoke the equitable remedy of vacatur because the controversy has been mooted through "happenstance." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950); *see U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994); *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005).

-3-

prejudice.[4]

This judgment shall not prejudice the parties' rights to raise the substance of the arguments presented in this appeal in future proceedings, to the extent the parties otherwise would be permitted to raise these arguments under applicable law. In particular, insofar as otherwise legally permissible, the judgment shall not prejudice the parties' rights to raise in any further proceedings relating to the confirmation of the arbitration award arguments regarding the arbitrability of Suitt's counterclaim.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[4] Pending before the Court is Suitt's motion to strike plaintiffs' supplemental appellate brief. The stated purpose of plaintiffs' supplemental appellate brief is to advise this Court of the outcome of the arbitration between plaintiffs and Suitt. The parties addressed that outcome in oral argument and this Court has considered the outcome in resolving this appeal. Accordingly, Suitt's motion is denied.

05-3463 - *Bank of Nova Scotia v. Suitt Construction Co.*

**LUCERO**, J., concurring:


I join in the result. My colleagues in the majority have done a thorough analysis under mootness, and I would join in that analysis, but for my ultimate conclusion on jurisdiction. From my perspective, we lack subject matter jurisdiction under either the Federal Arbitration Act ("FAA") or 28 U.S.C. § 1291. Bank of Nova Scotia ("BNS") appeals from a district court order that is styled as a grant of Suitt's "Motion to Enforce [the First District Court] Order." The first district court order, as clarified by the second order, stayed BNS' claims and Suitt's counterclaim pending arbitration. A stay order is not "a final decision with respect to an arbitration" under the FAA, and we lack jurisdiction to hear appeals from such orders. 9 U.S.C. § 16(a)(3); see Comanche Indian Tribe of Oklahoma v. 49, L.L.C., 391 F.3d 1129, 1132-33 (10th Cir. 2004). Only by treating the second order as strictly independent of the prior action do my respected colleagues reach the mootness of this appeal. Although the district court chose not to consolidate the two actions at issue in this dispute, the FAA's strong "pro-arbitration tilt" must not be stymied by this technicality. Id. at 1133 n.5. The second order has no legal effect but to enforce the original stay order, which is explicitly construed to apply to all claims. As such, we must consider the original order as well for purposes of this appeal. This position finds support in a decision of at least one of our sister circuits. See CitiFinancial Corp. v.

Harrison, 453 F.3d 245, 252 (5th Cir. 2006) ("Since the parties and the judges treated these two actions as one, we will do the same. While the hard edge of jurisdiction is not softened by expediency and immediacy of need, its principles must read on the reality of the contest."). The "reality of the contest" requires that we treat these two actions as one, and hold the line against end-runs around the FAA.