LUCERO, J.,
concurring:
I join in the result. My colleagues in the majority have done a thorough analysis under mootness, and I would join in that analysis, but for my ultimate conclusion on jurisdiction. From my perspective, we lack subject matter jurisdiction under either the Federal Arbitration Act (“FAA”) or 28 U.S.C. § 1291. Bank of Nova Scotia (“BNS”) appeals from a district court order that is styled as a grant of Suitt’s “Motion to Enforce [the First District Court] Order.” The first district court order, as clarified by the second order, stayed BNS’ claims and Suitt’s counterclaim pending arbitration. A stay order is not “a final decision with respect to an arbitration” under the FAA, and we lack jurisdiction to hear appeals from such orders. 9 U.S.C. § 16(a)(3); see Comanche Indian Tribe of Oklahoma v. 49, L.L.C., 391 F.3d 1129, 1132-33 (10th Cir.2004). Only by treating the second order as strictly independent of the prior action do my respected colleagues reach the mootness of this appeal. Although the district court chose not to consolidate the two actions at issue in this dispute, the FAA’s strong “pro-arbitration tilt” must not be stymied by this technicality. Id. at 1133 n. *863 5. The second order has no legal effect but to enforce the original stay order, which is explicitly construed to apply to all claims. As such, we must consider the original order as well for purposes of this appeal. This position finds support in a decision of at least one of our sister circuits. See CitiFinancial Corp. v. Harrison, 453 F.3d 245, 252 (5th Cir.2006) (“Since the parties and the judges treated these two actions as one, we will do the same. While the hard edge of jurisdiction is not softened by expediency and immediacy of need, its principles must read on the reality of the contest.”). The “reality of the contest” requires that we treat these two actions as one, and hold the line against end-runs around the FAA.