CHANDLER, Justice,
Dissenting:
¶44. Today Mississippi departs from the rule embraced by the majority of states, which holds that an order that merely compels a dispute to arbitration is not a final, appealable judgment. Chem-Ash, Inc. v. Ark. Power & Light Co., 296 Ark. 83, 751 S.W.2d 353, 354-55 (1988); Ruesga v. Kindred Nursing Ctrs., LLC, 215 Ariz. 589, 161 P.3d 1253, 1257 (2007); Parada v. Superior Court, 176 Cal.App.4th 1554, 98 Cal.Rptr.3d 743, 753 (2009); Ferla v. Infinity Dev. Assocs., Inc., 107 P.3d 1006, 1008 (Colo.Ct.App.2004); Evans v. Dreyfuss Bros., Inc., 971 A.2d 179, 186 (D.C.2009); Goshayeshi v. Mehrabian, 232 Ga.App. 81, 501 S.E.2d 265, 266 (1998); Dan Wiebold Ford, Inc. v. Universal Computer Consulting Holding, Inc., 142 Idaho 235, 127 P.3d 138, 141 (2005); National Educ. Assoc.-Topeka v. Unified Sch. Dist. No. 501, 260 Kan. 838, 844, 925 P.2d 835, 839 (1996); Fayette County Farm Bureau Fed’n v. Martin, 758 S.W.2d 713, 714 (Ky.Ct.App.1988); Collins v. Prudential Ins. Co. of America, 752 So.2d 825, 829 (La.2000); Creamer v. Bishop, 902 A.2d 838, 839 (Me.2006); Commonwealth v. Philip Morris Inc., 448 Mass. 836, 864 N.E.2d 505, 511 n. 9 (2007); Miyoi v. Gold Bond Stamp Co. Employees Ret. Trust, 293 Minn. 376, 196 N.W.2d 309, 310 (1972); State ex rel. Bruning v. R.J. Reynolds Tobacco Co., 275 Neb. 310, 746 N.W.2d 672, 678 (2008); State ex rel. Masto v. Second Judicial Dist. Court ex rel. County of Washoe, 125 Nev. 5, 199 P.3d 828, 832 (2009); N.C. Elec. Membership Corp. v. Duke Power Co., 95 N.C.App. 123, 381 S.E.2d 896, 899 (1989); Superpumper, Inc. v. Nerland Oil, Inc., 582 N.W.2d 647, 652 (N.D.1998); Ass’n of Unit Owners of Bridgeview Condos v. Dunning, 187 Or. App. 595, 69 P.3d 788, 801 (2003); Schantz v. Dodgeland, 830 A.2d 1265, 1266 (Pa.Super.2003); Widener v. Fort Mill Ford, 381 S.C. 522, 674 S.E.2d 172, 173-74 (2009); Dakota Wesleyan Univ. v. HPG Int’l, Inc., 560 N.W.2d 921, 923-24 (S.D.1997); T.R. Mills Contractors, Inc. v. WRH Enters., LLC, 93 S.W.3d 861, 865 (Tenn.Ct.App.2002); In re Gulf Exploration, LLC, 289 S.W.3d 836, 839 (Tex.2009); Powell v. Cannon, 179 P.3d 799, 805 (Utah 2008); Seguin v. Northrop Grumman Sys. Corp., *1042 277 Va. 244, 672 S.E.2d 877, 879 (2009); Herzog v. Foster & Marshall, Inc., 56 Wash.App. 437, 783 P.2d 1124, 1129 (1989); McGraw v. American Tobacco Co., 224 W.Va. 211, 681 S.E.2d 96, 106 (2009).
¶ 45. The Federal Arbitration Act (FAA) permits appeals from final orders that compel arbitration, but it does not permit appeals from interlocutory orders that compel arbitration. 9 U.S.C. § 16(a)(3), (b) (2006). In Banks v. City Finance Co., 825 So.2d 642, 647-48 (Miss.2002), this Court held that, in accoi'dance with fedei-al precedent, an order that compels arbitration is not a final, appealable judgment unless the trial court also dismisses the claims before the court. In Banks, the trial court had entered an order compelling all of the plaintiffs’ claims to arbitration. Id. at 644. The plaintiffs filed a timely notice of appeal pursuant to Mississippi Rule of Appellate Procedure 4(a). Id. After examining the United States Supreme Court case of Green Tree Financial Corp.-Ala. v. Randolph, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), this Court determined that the order at issue was interlocutory. Id. at 648.
¶46. In Green Tree, the district court had granted the motion to compel arbitration, denied all other motions, and dismissed the plaintiffs’ claims with prejudice. Id. at 83, 121 S.Ct. 513. On certiorari, the petitioners argued that Section 16(b) prohibited an appeal of the order because the order compelled arbitration. Id. at 86,121 S.Ct. 513. The Supreme Court observed that an order compelling arbitration may be appealed under Section 16(a)(3) if the order is “a final decision with respect to an arbitration.” Id. The Supreme Court determined that, because the FAA does not define “a final decision with respect to an arbitration,” the term “final decision” would be given its well-established meaning of “a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.” Id.
¶ 47. Applying this standard, the Supreme Court held that the order compelling arbitration was a final, appealable order because it directed that all claims be resolved by arbitration, and it dismissed all claims with prejudice, leaving the court with nothing to do but execute the judgment. Id. The Supreme Court concluded that, when a district court compels arbitration and dismisses the claims before it, the decision is final and, therefore, appealable under Section 16(a)(3). Id. at 89,121 S.Ct. 513. Conversely, an order that compels arbitration and stays the litigation “would not be appealable” under Section 16 because such an order is not “a final decision with respect to an arbitration.”[8] Id. at 87 n. 2, 121 S.Ct. 513 (citing. 9 U.S.C. § 16(b)(1)).
¶48. After reviewing Green Tree, this Court in Banks held that the order before the Court was not final because the order did not dismiss the action on the merits nor end the lawsuit. Banks, 825 So.2d at 646. Rather, the order “simply compelled ax-bitration.” Id. at 647. Therefox-e, the Court held that the order was interlocutory. Id. at 648. This holding comported with Green Tree’s statement that, for the purposes of appealability under Section 16(a)(3), a final decision is one that “ends the litigation on the merits and leaves nothing moi'e for the court to do but exe *1043 cute the judgment.” Green Tree, 531 U.S. at 86, 121 S.Ct. 513. Unlike a “final decision,” an order that merely compels arbitration and does not dismiss the underlying lawsuit contemplates further action by the trial court, which retains jurisdiction to supervise compliance with the arbitration order and to enter an order confirming the arbitration award. Therefore, the order that compelled arbitration in this case, like the order that compelled arbitration in Banks, was interlocutory and clearly distinguishable from the final order that compelled arbitration and dismissed the action in Green Tree.
¶ 49. The Fifth Circuit adheres to the same view this Court espoused in Banks, which is that an order that compels arbitration, but does not dismiss the underlying proceedings, is not an appealable order. CitiFinancial Corp. v. Harrison, 453 F.3d 245, 250 (5th Cir.2006). In Harrison, the district court compelled arbitration, stayed the litigation, and administratively dismissed the case, with the provision that any remaining party could move to reopen the case if further judicial intervention was necessary. Id. The Fifth Circuit’s analysis of whether the order constituted a “final decision” under Section 16(a)(3) of the FAA focused upon whether the order was the functional equivalent of a dismissal under Green Tree. Id. at 250-51. The court stated that, when a case is “dismissed,” it is “removed from the docket, terminated indefinitely, and restarted only upon the filing of a new complaint.” Id at 251. In contrast to a “dismissed” case, an “administratively dismissed” or “administratively closed” case may be reopened; thus, it remains on the “inactive docket” of the district court and equates to a stay, prohibiting appellate review. Id. The court distinguished American Heritage Life Insurance Co. v. Orr, 294 F.3d 702 (5th Cir.2002). Id. at 251 n. 11. In Orr, the court had held that a district court order stating that a case was “closed,” as opposed to “administratively closed,” was the functional equivalent of a dismissal, and thus was a “final decision” under Section 16(a)(3) of the FAA. Orr, 294 F.3d at 707-08. Thus, in Harrison and Orr, the Fifth Circuit determined the question of finality by considering whether the district court’s disposition was the functional equivalent of a dismissal under Gr-een Tree. This is the same analysis this Court employed in Banks and rejects today.
¶ 50. This Court now deems an order that merely compels a dispute to arbitration to be a “final decision” that ends the litigation on the merits and leaves the trial court with nothing to do but execute the judgment. The Court so holds despite the fact that, under such an order, the trial court retains jurisdiction to supervise compliance with the order and to enforce an arbitration award. I disagree with the Court’s holding because it seems clear that, when the trial court has entered an order compelling arbitration, “the litigation has not ended. Rather, it has moved to another forum with the expectation that it will return to the [district court] for entry of a final judgment.” Corion v. Chen, 964 F.2d 55 (1st Cir.1992) (quoting De Fuertes v. Drexel, Burnham, Lambert, Inc., 855 F.2d 10, 11 (1st Cir.1988)). Viewed in this manner, an order compelling arbitration is analogous to other interlocutory orders which contemplate further proceedings, such as an order for a new trial, an order denying summary judgment, or an order remanding a case to an administrative agency for development of the record. See Nat’l Educ. Assoc.-Topeka, 925 P.2d at 838-39.
¶ 51. This Court has stated that “Congress’ clear intent, in the Arbitration Act, [was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.” In re *1044 Tyco Int’l (U.S.), Inc., 917 So.2d 773, 782 (Miss.2005) (quoting Moses H. Cone Mem’l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)). The Congressional policy underlying the FAA’s rule against appeals from interlocutory orders compelling arbitration is that “appeal rules should reflect a strong policy favoring arbitration.” Stedor Enter., Ltd. v. Armtex, Inc., 947 F.2d 727, 730 (4th Cir.1991) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3914.34 (Supp.1990)). Consequently, “Congress sought to prevent parties from frustrating arbitration through lengthy preliminary appeals.” Id. “[A] rule regarding every order compelling arbitration as ‘final’ and appealable would completely undermine Congress’s effort to thwart appeals of such orders.” Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 867 F.2d 1518, 1520 (5th Cir.1989).
¶ 52. In addition to the strong Congressional policy underlying the FAA’s prohibition of appeals from interlocutory orders compelling arbitration, several other considerations mitigate against the Court’s decision to treat orders compelling arbitration as final judgments. The treatment of these orders as final encourages undesirable piecemeal appeals by allowing an appeal from an order compelling arbitration, followed by a second appeal from any subsequent arbitration award. See Colom Law Firm, LLC v. Board of Trustees, 16 So.3d 692, 695 n. 4 (Miss.2009) (“We take this opportunity to point out that fractured, bifurcated, or piecemeal appeals are not preferred by this Court.”). Moreover, permitting an appeal from an order that compels arbitration will tax the resources of the litigants and the judiciary, while the arbitration might have determined all issues to the parties’ satisfaction and obviated an appeal. Fundamentally, a rule that delays court-ordered arbitration with a lengthy appellate process frustrates the purpose of arbitration, which is to provide a forum for speedy and efficient dispute resolution.
¶ 53. This Court has determined that, when applicable, the FAA governs appellate review of arbitration orders. Tupelo Auto Sales v. Scott, 844 So.2d 1167, 1170 (Miss.2003). Under Section 16(b) of the FAA, an interlocutory appeal may not be had from an order compelling arbitration. 9 U.S.C. § 16(b) (2006). I would reaffirm the rule this Court adopted in Banks, which holds that an order that compels arbitration and neither dismisses the claims nor ends the litigation is interlocutory. Banks, 825 So.2d at 647-48. I would find the instant appeal to be interlocutory, dismiss it, and await any appeal from a final judgment entered after the arbitration has concluded.

. For the purposes of this analysis, I draw no distinction between an order that merely compels arbitration, and an order that compels arbitration and also stays the litigation; both of these orders have the practical effect of delaying the litigation while the case proceeds to arbitration. See McCowan v. Dean Witter Reynolds, 889 F.2d 451, 453 (2d Cir.1989).