# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2015

Lyle W. Cayce
Clerk

FREDDIE L. WALKER, SR.,

Plaintiff - Appellant

v.

TA OPERATING, L.L.C., doing business as Travel Centers of America; JUSTIN FOSTER; JEFFREY BILLS; MICHELLE L. FONTENOT; POLLY SMITH,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-619

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

In this employment discrimination case, the district court held that the parties were subject to a valid and applicable arbitration agreement. Pursuant to that contract, the court granted the defendants' motion to compel arbitration and administratively closed the case. Given this procedural posture, we must

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 14-41046

decide whether we have appellate jurisdiction. Concluding that we do not, we DISMISS the appeal.

### I.

In 2013, Freddie Walker filed suit against his former employer, TAO Operating L.L.C. ("TAO"), alleging various discrimination and retaliation claims. In response, TAO moved to compel arbitration, arguing that this suit was subject to a mandatory agreement that provided that "any and all disputes, claims or controversies arising out of [Walker's] employment or the termination of [Walker's] employment" must be settled through arbitration.[1]

In a thorough opinion, the district court granted TAO's motion. Its decision was dictated by the Federal Arbitration Act, where Congress declared that a contractual arbitration clause "shall be valid, irrevocable, and enforceable."[2] To support this "national policy favoring arbitration,"[3] the Act grants district courts two powers. First, pursuant to section four of the Act, the court has the authority to issue "an order directing that . . . arbitration proceed in the manner provided for in such agreement."[4] Second, as directed by section three, it can stay an arbitrable proceeding pending the outcome of the contractually-required arbitration.[5]

---

[1] The agreement was broadly written and explicitly covered claims brought under the "Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; the Fair Labor Standards Act; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990; Section 1981 through 1988 of Title 42 of the United States Code; state and local anti-discrimination laws; and any other federal, state, or local law, ordinance or regulation, and claims based on any public policy, contract, tort, or common law and any claim for costs, fees, and other expenses or relief, including attorney's fees."

The Supreme Court has held that arbitration agreements that "clearly and unmistakably" require employees to arbitrate claims arising under federal civil rights statutes are enforceable. *See 14 Penn Plaza LLC* v. *Pyett*, 556 U.S. 247, 274 (2009).

[2] 9 U.S.C. § 2.

[3] *Southland Corp.* v. *Keating*, 465 U.S. 1, 10 (1984).

[4] 9 U.S.C. § 4.

[5] 9 U.S.C. § 3.

No. 14-41046

As required by our circuit's precedent the district court first looked to see whether "there [is] a valid agreement to arbitrate the claim[s]," and then looked to see if "the dispute in question [fell] within the scope of that arbitration agreement."[6]   The court concluded that there was a valid arbitration agreement and that Walker's dispute fell within the scope of the agreement.  It then directed that the case be submitted to arbitration and administratively closed.[7]

## II.

With certain exceptions not relevant here, our court only has jurisdiction over "final decisions of the district courts."[8]  Congress has explicitly provided that we lack jurisdiction over a district court order "granting a stay of any action under section 3" or "directing arbitration to proceed under section 4" of the Arbitration Act.[9]  For these purposes, an order by the district court administratively closing a case is tantamount to a stay, and bars appellate review.[10]

## III.

With our course controlled by Congress, we DISMISS this appeal for lack of appellate jurisdiction.

---

[6] *Jones* v. *Halliburton Co.*, 583 F.3d 228, 233-34 (5th Cir. 2009) (quoting *Sherer* v. *Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008)).  If applicable, the court must also look to whether a federal statute or policy prevents arbitration in the instant case, *see id.* at 234, and here none did.

[7] To be precise, the district court referred the case to a magistrate judge, who issued a report and recommendation proposing that the motion to arbitrate be granted and the case administratively closed.   The district court reviewed and adopted the report and recommendation, to which neither party objected.

[8] 28 U.S.C. § 1291.

[9] 9 U.S.C. § 16(b)(1), (2).

[10] *CitiFinancial Corp.* v. *Harrison*, 453 F.3d 245, 250-51 (5th Cir. 2006).