# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60165
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2017

Lyle W. Cayce
Clerk

GREEN TREE SERVICING, L.L.C.; WALTER INVESTMENT
MANAGEMENT CORPORATION,

Plaintiffs - Appellees

v.

ANTHONY CHARLES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit
Judges.

CARL E. STEWART, Chief Judge:

This case involves two separate civil actions involving the same parties and essentially the same dispute. Defendant-Appellant Anthony Charles initially brought a lawsuit against Plaintiffs-Appellees Green Tree Servicing, L.L.C. ("Green Tree") and Walter Investment Management Corporation ("Walter Investment") in Mississippi state court ("*Charles I*"). *Charles I* was subsequently removed to federal court on diversity jurisdiction and is currently stayed pending arbitration. Before the district court stayed the proceedings in *Charles I*, Green Tree and Walter Investment moved as plaintiffs in a separate

No. 17-60165

action against Charles ("*Charles II*") to compel him to participate in arbitration for the claims that he brought against them in *Charles I*. The district court in *Charles II* granted the motion to compel arbitration, ordered that the proceedings in *Charles I* be stayed as to the claims against Green Tree and Walter Investment, and entered judgment dismissing *Charles II* with prejudice. Charles now appeals *Charles II*. We dismiss for lack of appellate jurisdiction.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In March 2007, Charles, a Texas citizen, contracted with Jim Walters Homes, Inc. ("Jim Walters Homes") for the construction and financing of a home in Mississippi. Despite the arbitration clause in the agreement between the parties, Charles brought suit in Mississippi state court against Jim Walters Homes, its parent company Walter Energy, Inc. ("Walter Energy"), his mortgage servicer Green Tree, its parent company Walter Investment, and other defendants, *i.e.*, *Charles I*. In this suit, Charles alleged claims of civil conspiracy, joint venture and vicarious liability, negligence, gross negligence, and fraud against Green Tree and Walter Investment relating to the construction of his home.

*Charles I* was subsequently removed to federal court on the basis of diversity jurisdiction in March 2015. The district court administratively closed *Charles I* in July 2015 due to the decision of Jim Walters Homes and Walter Energy to file for bankruptcy.

In January 2016, Green Tree and Walter Investment filed a separate action, *i.e.*, *Charles II*, against Charles to move to compel his participation in arbitration under Section 4 of the Federal Arbitration Act ("FAA") and to stay the proceedings as to Green Tree and Walter Investment in *Charles I*. After the filing of *Charles II*, the district court reopened *Charles I* in September 2016. Subsequently, in February 2017, the district court granted Green Tree and

No. 17-60165

Walter Investment's motion to compel arbitration. The district court then dismissed *Charles II* and stated that "each party may move to re-open this case if further judicial intervention is necessary to enforce the rulings of this Court, or to enforce the rulings of the arbitrators." The district court further stated that since Charles was "ordered to arbitrate all of the claims that he alleges against [Green Tree and Walter Investment] in *Charles I*, all proceedings in that case will be stayed" between Charles, Green Tree, and Walter Investment pending arbitration.

Charles now appeals the district court's order dismissing *Charles II*. Plaintiffs-Appellees, Green Tree and Walter Investment, assert that the district court's order compelling arbitration was not a "final decision with respect to arbitration" and this court therefore lacks jurisdiction over the appeal. *See* 9 U.S.C. § 16(a)(3). We agree.

## II.    DISCUSSION

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Section 16 of the FAA only authorizes this court to consider an appeal from "a final decision with respect to an arbitration." 9 U.S.C. § 16(a)(3). A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp v. Randolph*, 531 U.S. 79, 86 (2000) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)) (quotation marks omitted). An arbitration order entering a stay, as opposed to a dismissal, is not an appealable final order. 9 U.S.C. § 16(b)(3); *see also CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 251 (5th Cir. 2006). Accordingly, this court's jurisdiction turns on whether the district court's order in *Charles II* constitutes a final order.

3

No. 17-60165

If we were only examining the district court's order in *Charles II*, there would be jurisdiction to consider this appeal. This order would be "final because there is nothing left to be done in the district court." *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 668 (5th Cir. 1994) (quotation marks omitted). The only issue before the district court in *Charles II* was Green Tree and Walter Investment's motion to compel arbitration. The district court granted the motion to compel arbitration, entered a judgment compelling the arbitration, and dismissed the case with prejudice.

However, the claims in *Charles I* against Green Tree and Walter Investment are still pending in the district court. If both *Charles I* and *Charles II* are considered together, there is an order compelling arbitration and a stay of the underlying proceedings. Two different proceedings from the same district court can be considered collectively because it "is most consistent with the strong federal interest—expressed by both the Congress and the Supreme Court—in favor of arbitration." *Harrison*, 453 F.3d at 251. "Examining both pushes this case to arbitration quickly, foregoing delay while the merits are considered on appeal." *Id.* The substantive claims of *Charles I* have not been dismissed by the district court because its order stayed all proceedings in that case pending arbitration. *See id.* at 251–52. Consistent with section 16 of the FAA, "[a]n arbitration order entering a stay, as opposed to a dismissal, is not an appealable order." 9 U.S.C. § 16(a)(3); *see also Green Tree*, 531 U.S. at 87 n.2; *Harrison*, 453 F.3d at 250; *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 309 (5th Cir. 2003). Thus, the order in *Charles II* compelling arbitration is not a "final appealable order" over which this court has jurisdiction because of the pending substantive claims from *Charles I* that were stayed pending arbitration. *Green Tree*, 531 U.S. at 87 n.2; *Harrison*, 453 F.3d at 251–52; *South La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d

No. 17-60165

297, 300 (5th Cir. 2004).[1] Accordingly, we lack jurisdiction over this appeal. *Harrison*, 453 F.3d at 251–52.

## III.  CONCLUSION

This appeal is dismissed for lack of jurisdiction.

---

[1] *See also Green Tree Servicing, L.L.C. v. Keyes*, No. 17-60107 (5th Cir. May 31, 2017) (per curiam) (unpublished) (dismissing for lack of jurisdiction because order compelling arbitration was not a final appealable order). This matter was decided by a quorum and is not binding precedent. 28 U.S.C. § 46(d).