# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2017

Lyle W. Cayce
Clerk

No. 17-60116

GREEN TREE SERVICING, L.L.C.; WALTER INVESTMENT MANAGEMENT CORPORATION; BEST INSURORS, INCORPORATED; MID STATE CAPITAL, L.L.C.; MID STATE TRUST II; MID STATE TRUST III; MID STATE TRUST IV; MID STATE TRUST V; MID STATE TRUST VI; MID STATE TRUST VII; MID STATE TRUST VIII; MID STATE TRUST IX; MID STATE TRUST X; MID STATE TRUST XI; WILMINGTON TRUST COMPANY; MID-STATE CAPITAL CORPORATION 2004-1 TRUST; MID-STATE CAPITAL CORPORATION 2005-1 TRUST; MID-STATE CAPITAL CORPORATION 2006-1 TRUST; MID-STATE CAPITAL TRUST 2010-1,

　　　　Plaintiffs – Appellees

v.

BEN DOVE; JANIE DOVE,

　　　　Defendants – Appellants.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-312

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-60116

This is the second of two separate civil actions involving the same parties and same dispute. Because we lack appellate jurisdiction, we dismiss the appeal.

In the first suit, No. 3:16-cv-00319, Ben and Janie Dove (the "Doves") brought suit against Green Tree Servicing, L.L.C., Walter Investment Management Corporation, and other defendants (collectively "Green Tree") in Mississippi state court ("*Dove I*"). *Dove I* was removed to federal court on the basis of diversity jurisdiction, where it is currently stayed pending arbitration. The district court administratively closed the case for statistical purposes, directing that any party may move to re-open the case and vacate the stay "following the completion of arbitration or if further judicial intervention is necessary." Green Tree then filed this civil action, No. 3:16-cv-00312 ("*Dove II*"), to compel the Doves to arbitrate under Section 4 of the Federal Arbitration Act (the "FAA").[1] In *Dove II*, the district court compelled arbitration, and, "as nothing remain[ed] to be litigated in th[e] lawsuit," it dismissed the case with prejudice.

The Doves argue that, as a result of the district court's ruling in *Dove II*, there is a final judgment rendering appellate jurisdiction appropriate. Conversely, Green Tree argues that because no final decision exists on the merits of the dispute, we lack appellate jurisdiction. We conduct an independent review of the basis of our jurisdiction.[2]

This case presents a nearly identical jurisdictional question to that which we addressed in *Green Tree Servicing, L.L.C. v. Charles*,[3] which controls our decision in this case. In *Charles*, we considered whether a district court

---

[1] 9 U.S.C. §§ 1–16.

[2] *See Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000).

[3] 872 F.3d 637 (5th Cir. 2017).

No. 17-60116

order compelling arbitration and dismissing a case with prejudice was final and appealable when an earlier order in a separate case involving the same parties stayed the underlying proceedings pending arbitration.[4]   We noted there that under "section 16 of the FAA, '[a]n arbitration order entering a stay, as opposed to a dismissal, is not an appealable order.'"[5]   Considering both cases in tandem, consistent with the "strong federal interest" in favor of arbitration, we accordingly found that the order staying the underlying case precluded us from determining that the order of dismissal was final and appealable.[6]   As a result, we concluded that we lacked jurisdiction.

As in *Charles*, this Court, consistent with the "strong federal interest" in favor of arbitration, does not consider the orders in the two cases in isolation.[7] Regardless of the district court's dismissal in the second civil case, the underlying *substantive* proceedings remain stayed.  Therefore, this appeal does not stem from a final, appealable order, and we lack appellate jurisdiction.

For the above reasons, we DISMISS the appeal.

---

[4] *Id.* at 639–40.

[5] *See id.* at 639 (alteration in original) (quoting 9 U.S.C. § 16(a)(3)); *see also Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 87 n.2 (2000); *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 251 (5th Cir. 2006); *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 309 (5th Cir. 2003).

[6] *See Charles*, 872 F.3d at 639.

[7] *See id.*