# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60113
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2017

Lyle W. Cayce
Clerk

In the Matter of : DARLENE HAYNES

Debtor

GREEN TREE SERVICING, L.L.C.; WALTER INVESTMENT
MANAGEMENT CORPORATION; BEST INSURORS, INCORPORATED;
MID STATE CAPITAL, L.L.C.; MID STATE TRUST II; MID STATE TRUST
III; MID STATE TRUST IV; MID STATE TRUST V; MID STATE TRUST VI;
MID STATE TRUST VII; MID STATE TRUST VIII; MID STATE TRUST IX;
MID STATE TRUST X; MID STATE TRUST XI; WILMINGTON TRUST
COMPANY; MID-STATE CAPITAL CORPORATION 2004-1 TRUST; MID-
STATE CAPITAL CORPORATION 2005-1 TRUST; MID-STATE CAPITAL
CORPORATION 2006-1 TRUST; MID-STATE CAPITAL TRUST 2010-1,

Appellees

v.

DARLENE HAYNES,

Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-551

Before WIENER, SOUTHWICK, and HAYNES, Circuit Judges.

No. 17-60113

PER CURIAM:*

There are two separate but related lawsuits that are relevant in this appeal. The first is the underlying suit brought by Appellant Darlene Haynes against the Appellees and other entities and individuals. The second is a separate action filed by the Appellees to compel Haynes to arbitrate the claims she brought against them in the underlying lawsuit.

The United States District Court for the Southern District of Mississippi entered a final judgment in the second lawsuit, compelling Haynes to arbitrate her claims against the Appellees and staying the proceedings between the parties in the underlying lawsuit. Haynes appealed.

We recently held that we lacked appellate jurisdiction over a district court's order that compelled arbitration and then stayed the proceedings in the separate lawsuit between the parties. *See Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 638–40 (5th Cir. 2017). We find no meaningful distinction between this case and our recent decision.

We do not have jurisdiction over the district court's final judgment compelling arbitration because that judgment also stayed the substantive claims in the underlying lawsuit between Haynes and the Appellees. *See id.* at 639–40. The appeal is DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.