Present: Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Carrico, S.J.

CRISELL SEGUIN

                                              OPINION BY
v.  Record No. 080217          JUSTICE LAWRENCE L. KOONTZ, JR.
                                          February 27, 2009
NORTHROP GRUMMAN
SYSTEMS CORPORATION, ET AL.

             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Dennis J. Smith, Judge

     This appeal arises from the circuit court's order

compelling arbitration pursuant to the provisions of the

Virginia Uniform Arbitration Act, Code § 8.01-581.01 et seq.

The dispositive issue in this case is whether the Act provides

a right to appeal from an order that compels arbitration.

                           BACKGROUND

     During the course of Crisell Seguin's employment,

Northrop Grumman Systems Corporation sent unilateral e-mails

and memoranda advising its employees that continued employment

signified agreement to the new arbitration requirements of the

company's Dispute Resolution Process.  After receiving these

emails and memoranda, Seguin continued in her employment at

Northrop Grumman, but never signed an arbitration agreement.

Seguin subsequently filed a complaint in the Circuit Court of

Fairfax County alleging that Northrop Grumman, and her

supervisor, John C. Gage, (collectively, "Northrop Grumman")

had defamed her by making false statements in her work

performance evaluation. Northrop Grumman filed a motion to compel arbitration, contending that Seguin's claim was covered by the company's dispute resolution procedure requiring binding arbitration. In support of its motion, Northrop Grumman asserted that by continuing her employment with the company after notice of the new dispute resolution procedure, Seguin effectively agreed to forfeit her right to a trial by a court and jury and to rely exclusively on arbitration to settle her claim.

On October 26, 2007, the circuit court held a brief hearing on Northrop Grumman's motion to compel arbitration.[1] Following that hearing and on the same day, the circuit court entered an order granting Northrop Grumman's motion to compel arbitration. Subsequently, Seguin filed this appeal seeking this Court's review of the circuit court's order to compel arbitration.

---

[1] Code § 8.01-581.02(A) provides that "if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue of the existence of an agreement and shall order arbitration only if found for the moving party." In this case, the record is clear that the circuit court was mindful of this statutory mandate and upon consideration of the exhibits filed and the oral arguments of the parties determined that an agreement to arbitrate existed. The sufficiency of that hearing as contemplated by the statutory mandate is not challenged in this appeal and, accordingly, we express no opinion on that issue.

2

On appeal, mirroring the assertions made in the circuit court, Seguin maintains that Northrop Grumman cannot create an agreement by unilaterally declaring that her continued employment constituted acceptance of an arbitration agreement. The thrust of her assertion is that, while she continued her employment with Northrop Grumman after receiving the company's communication of its new dispute resolution procedure, more was required to bind her to that procedure.  According to Seguin, her silence did not constitute an acceptance so as to form an arbitration agreement between her and her employer. Northrop Grumman disputes the validity of Seguin's contentions.

### DISCUSSION

It is self-evident that before this Court can consider the merits of the parties' contentions concerning the existence of the arbitration agreement in question, we must initially resolve the issue whether the circuit court's October 26, 2007 order compelling arbitration between the parties in this case is an appealable order.

In this regard, Northrop Grumman asserts that this Court lacks jurisdiction to consider Seguin's appeal because Code § 8.01-581.016, contained in the Virginia Uniform Arbitration Act, does not confer any right to appeal from an order compelling arbitration.  Northrop Grumman further asserts that

3

such an order is not a final order in a civil case as contemplated by Code § 8.01-670(A)(3) and, thus, the circuit court's October 26, 2007 order is not subject to appeal.

In response, Seguin maintains that an order compelling arbitration is a final order because it " 'determines the rights of the parties, and leaves nothing further to be done by the court in the cause, though it may still enter such . . . orders as may be necessary to carry the [order] into execution.' " Leggett v. Caudill, 247 Va. 130, 133, 439 S.E.2d 350, 351 (1994) (quoting Lee v. Lee, 142 Va. 244, 250, 128 S.E. 524, 526 (1925)). In further support of her contention that the order in question is appealable, Seguin cites Amchem Products v. Asbestos Cases Plaintiffs, 264 Va. 89, 96, 563 S.E.2d 739, 742-43 (2002), in which this Court stated that "Code § 8.01-581.016 confers upon this Court jurisdiction to review a circuit court's order that denies or compels arbitration." (Emphasis added.)[2]

Pursuant to Code § 8.01-581.016:

---

[2] The emphasized language, "or compels," does not appear in the bound volume of the Virginia Reports. Nevertheless, the quoted language is accurate and was confirmed by this Court as part of the Amchem opinion after the bound volume of the Virginia Reports was published, and has been available on this Court's web site for the past six years with a notation of the November 2002 amendment, as well as being available in the correct form on various commercial electronic databases since that time.

An appeal may be taken from: (1) An order denying an application to compel arbitration . . . (2) An order granting an application to stay arbitration . . . (3) An order confirming or denying an award; (4) An order modifying or correcting an award; (5) An order vacating an award without directing a rehearing; or (6) A judgment or decree entered pursuant to the provisions of this article.

Code § 8.01-581.016 does not grant a right to appeal an order granting an application to compel arbitration. The language of the statute is clear and unambiguous. It is axiomatic that when the language of a statute is unambiguous, we are bound by that language and will not add words to the statute that would expand the scope of the statute. Jackson v. Fidelity & Deposit Co. of Maryland, 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005); Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001).

Seguin's reliance on Amchem to support her contention that there is a right to appeal from an order that compels arbitration is misplaced. That case involved an appeal from a circuit court's order denying an application to compel arbitration. Under Code § 8.01-581.016, the General Assembly expressly created a right to appeal from such an order. The Court's statement in Amchem that "Code § 8.01-581.016 confers upon this Court jurisdiction to review a circuit court's order that denies or compels arbitration" is dictum in so far as the statement includes the phrase "or compels." Id. at 96, 563

5

S.E.2d at 742-43. In no way does the Court's prior decision in Amchem circumvent the lack of an express right under Code § 8.01-581.016 to an appeal from an order compelling arbitration.

Finally, we turn to Seguin's contention that the order compelling arbitration in this case was a final judgment order contemplated by Code § 8.01-670(A)(3) which permits an appeal from "a final judgment in any other civil case." There is no merit to this contention. An order that compels arbitration pursuant to the Virginia Uniform Arbitration Act is not a final judgment order.[3] Pursuant to Code § 8.01-581.010, the circuit court retains jurisdiction to vacate an arbitration award; pursuant to Code § 8.01-581.011, the circuit court retains jurisdiction to modify or correct an arbitration award.

CONCLUSION

For these reasons, we hold that the circuit court's October 26, 2007 order that compelled the parties to arbitrate their dispute was not an appealable order and, thus, this Court does not have jurisdiction to review the merits of

---

[3] For further detailed discussion regarding what may constitute a final order as contemplated by Code § 8.01-670(A)(3), see Comcast of Chesterfield County, Inc. v. Board of Supervisors of Chesterfield County, 277 Va. ___, ___, S.E.2d ___, ___(2009) (this day decided).

6

Seguin's contentions regarding the existence or enforceability of the arbitration agreement in question.  Accordingly, this appeal will be dismissed without prejudice.

Dismissed.
