# CIRCUIT COURT OF FAIRFAX COUNTY

Dale S. Dutton

v.

Randy R. Beeman et al.

June 30, 2009

Case No. CL-2008-4742

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on the Motion of Dale S. Dutton, Trustee of the Trust for the Benefit of Richard Tyson Malone, to re-open proceedings and for reconsideration of the Court's August 21, 2008, Order granting the Defendant's motion to compel arbitration and stay all proceedings.

*Parties' Positions*

Mr. Dutton argues for reconsideration on the grounds that he reasonably relied on *Amchem Products, Inc. v. Newport News Asbestos Cases*, 264 Va. 89, 563 S.E.2d 739 (2002), for his decision to appeal the Court's order compelling arbitration rather than moving for reconsideration. He contends that the recent Virginia Supreme Court case of *Seguin v. Northrop Grumman Sys. Corp.*, 277 Va. 244, 672 S.E.2d 877 (2009), which held that an order compelling the parties to arbitrate their dispute was not an appealable order, represents a change in Virginia jurisprudence.

The Defendants argue that, at best, this "new law" argument could only excuse the plaintiff's delay in filing for reconsideration, but it fails to change the facts or law the Court considered in making its prior decision to compel arbitration.

130

*Ruling*

The applicable statute, Va. Code Ann. § 8.01-581.016, states: "An appeal may be taken from . . . an order denying an application to compel arbitration." While plaintiff attempts to argue that he reasonably relied on *Amchem* for his belief that he could appeal this Court's decision to grant an application to compel arbitration, his reliance is misplaced. The plain language of the statute indicates that the legislature chose to make only denials of applications to compel arbitration appealable. Additionally, the case law supports this position, there has not been a case where an order compelling arbitration has been successfully appealed; even *Amchem*, which the plaintiff relied on so heavily is an appeal of a denial. Thus, *Seguin* did not signal a change in Virginia jurisprudence, merely an affirmation.

The Defendants correctly state that the Mr. Dutton has offered no new facts or law such to make this court reconsider its decision to grant the application to compel arbitration. Therefore, plaintiff's motion to re-open and reconsider is denied without further oral argument.