COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:  Judges Ortiz, Raphael and White
Argued at Virginia Beach, Virginia


P.J. POTTER ENTERPRISES, INC., ET AL.

OPINION BY
v.      Record No. 0599-24-1                    JUDGE STUART A. RAPHAEL
                                                FEBRUARY 25, 2025

COMFORT SYSTEMS OF VIRGINIA, INC., ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

Kevin E. Martingayle (Bischoff Martingayle, P.C., on briefs), for
appellants.

William A. Lascara; Scott B. Ingram (T. Lyons Lascara; Pender &
Coward, P.C., on brief), for appellees.


This appeal presents threshold questions of (1) mootness, (2) whether circuit courts have

jurisdiction under the Virginia Uniform Arbitration Act to review an arbitrator's preaward ruling,

and (3) whether this Court has appellate jurisdiction to review a circuit court's decision to vacate

an arbitrator's preaward ruling. As we will explain, the jurisdictional questions are tricky, but

the mootness question is not. Because the issues here became moot in 2020, we reserve the

difficult jurisdictional questions for another day and dismiss the appeal as moot.

BACKGROUND

This dispute arises out of an arbitration proceeding involving a general contractor—

appellant P.J. Potter Enterprises, Inc.—and two of its subcontractors—appellees Comfort

Systems of Virginia, Inc. and Heartland Construction, Inc.—on a federal construction contract

awarded by the United States Department of Veterans Affairs (VA). The individual parties here

are Potter's agents—appellants Matt Hemmis and Dennis Hemmis—and Comfort Systems and

Heartland's joint agent, appellee Rhonda Bridgeman (collectively, the "Bridgeman parties"). The parties agreed in 2019 to submit all their project-related disputes to arbitration, selecting the Honorable Joseph Canada as arbitrator.

On July 22, 2019, pending an ultimate hearing on the parties' disputes, Judge Canada granted Potter's request for a preaward ruling. The preaward ruling terminated Heartland from the project and enjoined the Bridgeman parties from contacting the other subcontractors or interfering with Potter's completion of the work. The next day, the Bridgeman parties petitioned the Circuit Court for the City of Chesapeake to vacate the preaward ruling and to remove and replace Judge Canada as the arbitrator. They argued that the preaward ruling was unlawful because Judge Canada failed to give adequate notice, lacked authority to issue a preliminary injunction, and denied the Bridgeman parties the right to present evidence and cross-examine witnesses, contrary to the protections in Code §§ 8.01-581.04 and 8.01-581.010 of the Virginia Uniform Arbitration Act.

After months of litigation over the proper venue, the case was transferred to the Circuit Court for the City of Suffolk.[1] On July 20, 2020—a year after Judge Canada's preaward ruling—the VA found Potter in default of its obligations under the contract and terminated Potter altogether from the project.

In November 2020, the circuit court overruled the demurrers and pleas in bar filed by Potter and the Hemmises. The court then granted partial summary judgment to the Bridgeman parties, vacating Judge Canada's preaward ruling. In opposing the Bridgeman parties'

---

[1] After the Bridgeman parties commenced the action, Potter and the Hemmises moved to transfer it to the Circuit Court for the City of Virginia Beach, arguing that Virginia Beach was where the arbitration "hearing" took place. But the Chesapeake court concluded that no arbitration hearing had occurred within the meaning of the Virginia Uniform Arbitration Act because "no evidence" was presented. After another hearing, the court transferred venue to the Circuit Court for the City of Suffolk. Potter and the Hemmises have not appealed the denial of their motion to transfer venue to Virginia Beach.

summary-judgment motion, Potter and the Hemmises insisted that the VA's termination of Potter in July 2020 mooted the parties' dispute over the validity of the preaward ruling.

Shortly after the circuit court vacated his preaward ruling, Judge Canada resigned as arbitrator. After the circuit court issued a two-year notice of discontinuance under Code § 8.01-335(A) for non-prosecution, it entered an agreed order in March 2024 appointing the Honorable Judge Charles E. Poston as arbitrator. The March 2024 order recited that it was "a final order that disposes of all matters before the Court in this case."

Still, the arbitration has not yet proceeded. Treating the March 2024 order as a final order allowing them to appeal the circuit court's November 2020 order vacating Judge Canada's preaward ruling, Potter and the Hemmises noted this appeal. Potter and the Hemmises do not contest Judge Poston's appointment and do not oppose submitting to arbitration before him. They seek here only to reinstate Judge Canada's preaward ruling from July 2019.

ANALYSIS

Potter and the Hemmises argue that the circuit court erred in granting partial summary judgment because, among other things, the facts were disputed about whether Judge Canada conducted a proper "hearing" under the Virginia Uniform Arbitration Act. They also argue that the circuit court should have sustained their demurrers and pleas in bar to the Bridgeman parties' petition.

Before considering the merits of those arguments, however, we must grapple with several threshold questions. First, the Bridgeman parties contend that the issues surrounding Judge Canada's order were mooted as to Potter and the Hemmises when the VA terminated Potter from the project in July 2020. The Bridgeman parties noted on brief that the project was completed after Potter's termination and "there are no open issues" between the litigants, "except for

returning to arbitration" under their arbitration agreement.[2]  Although Potter and the Hemmises deny that the case is moot, they fail to mention having taken the opposite position in the trial court.[3]  *See infra* at 11-12.

Second, the Bridgeman parties have moved to dismiss this appeal for lack of appellate jurisdiction.  Citing *Seguin v. Northrop Grumman Systems Corp*., 277 Va. 244 (2009), they argue that, because the arbitration will be going forward, there is no reviewable final order under either Code § 8.01-581.016 of the Virginia Uniform Arbitration Act (which governs appeals from orders involving arbitration), or Code § 17.1-405(3) (which confers appellate jurisdiction on this Court to review a "final order . . . in a civil matter").

Neither party has raised it, but we inquired at oral argument about another threshold jurisdictional question: whether the circuit court had jurisdiction under the Virginia Uniform Arbitration Act to consider the Bridgeman parties' petition to vacate Judge Canada's preaward ruling and preliminary injunction.

We would normally decide those jurisdictional questions first.  After all, if the circuit court lacked jurisdiction over the Bridgeman parties' original petition to vacate Judge Canada's preaward ruling, or if we lack appellate jurisdiction, the case must be dismissed.  For the reasons set out in part A, however, whether the circuit court had jurisdiction turns out to be a

---

[2] The Bridgeman parties also represented on brief that the performance-bond surety engaged Comfort Systems and Heartland to complete the project.  They attached to their appellees' brief a January 2021 "Completion Contract" and an accompanying email string.  "An appellate court may consider extrinsic evidence that is not already part of the record when considering whether a case has become moot during the pendency of an appeal." *Commonwealth v. Browne*, 303 Va. 90, 92 (2024) (per curiam).  Still, Potter and the Hemmises objected in their reply brief that they could not "vouch for the authenticity of the exhibits." Because we need not resolve this evidentiary quarrel to conclude that the case is moot, we have not relied on those exhibits.

[3] Similarly, Potter and the Hemmises have not assigned error to the circuit court's failure to dismiss the Bridgeman parties' petition as moot in light of Potter's termination from the project.

complicated question. That difficulty confounds the task of deciding whether we have appellate jurisdiction to review the circuit court's ruling. As shown in part B, by contrast, the mootness issue is straightforward.

Agreeing with any of those threshold grounds for dismissal would "mean[] that [we] will not 'proceed at all' to an adjudication of the cause." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). As an appellate court, "we can address jurisdictional issues in any order we choose." *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023). Dismissal on "non-merits grounds . . . before finding subject-matter jurisdiction[] makes no assumption of law-declaring power." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *In re Papandreou*, 139 F.3d 247, 255 (D.C. Cir. 1998)). Because the jurisdictional questions under the Virginia Uniform Arbitration Act are "difficult to determine" while the mootness issue is easy, we "take[] the less burdensome course." *Sinochem*, 549 U.S. at 436. That choice comports with "our charge to resolve cases 'on the best and narrowest grounds available to us, favoring dispositions tailored to the facts before us over broad pronouncements of law.'" *King v. Commonwealth*, ___ Va. ___, ___ (Oct. 24, 2024) (quoting *Hannah v. Commonwealth*, 303 Va. 106, 121 (2024)).

*A. The jurisdictional questions under the Virginia Uniform Arbitration Act are difficult.*

The Bridgeman parties argue that the March 2024 order that appointed Judge Poston as the substitute arbitrator is not an appealable final order because the arbitration has yet to go forward. Potter and the Hemmises maintain that the order was final because it left nothing to be done; the order recited that it was "a final order that disposes of all matters before the Court." If the March 2024 order appointing Judge Poston as the replacement arbitrator were the only order at issue here, we would agree with the Bridgeman parties that the order is not appealable.

This Court exercises appellate jurisdiction only to the extent the General Assembly has conferred it upon us. *See NAACP (Hanover Cnty.) v. Commonwealth ex rel. Va. State Water Control Bd.*, 74 Va. App. 702, 709-10 (2022) (per curiam). Two statutes bear on our appellate jurisdiction here: Code § 8.01-581.016, part of the Virginia Uniform Arbitration Act; and our general jurisdictional statute for civil appeals, Code § 17.1-405(A)(3), providing appellate jurisdiction in civil cases to review an appeal from "any final judgment, order, or decree of a circuit court in a civil matter" (with certain exceptions not applicable here).

In 1986, Virginia adopted most of the Uniform Arbitration Act of 1956 (UAA), *see* 1986 Va. Acts ch. 614 (codified as amended at Code §§ 8.01-581.01 to -581.016), including UAA § 19 governing "Appeals."[4] *See generally* Maynard E. Pirsig, *The New Uniform Arbitration Act*, 11 Bus. Law. 44 (1956); Uniform Arbitration Act of 1956, at 7 Uniform Laws Annotated 99 (2009). As one of the drafters of the 1956 model law noted, the topic of appeals from arbitration rulings had been "commonly neglected in arbitration statutes." Pirsig, *supra*, at 51. To provide better guidance, the model law categorized certain orders denying arbitration as appealable and other orders facilitating arbitration as nonappealable:

> Under the new act, the appealable orders are specifically designated and are confined to those final in nature, such as orders denying motions to compel arbitration or granting motions to stay arbitration. Orders directing, or refusing to stay, arbitration are not appealable but the point at issue can be raised on appeal from an order confirming the award should one be rendered. Appeals are permitted also from the judgment or decree rendered on an award.

*Id*.

---

[4] The UAA was approved by the National Conference of Commissioners on Uniform State Laws, also known as the Uniform Law Commission.

Our Code § 8.01-581.016 tracks the structure of UAA § 19:

> An appeal may be taken from:
>
> 1. An order denying an application to compel arbitration made under § 8.01-581.02;
>
> 2. An order by a general district court granting an application to compel arbitration;
>
> 3. An order granting an application to stay arbitration made under subsection B of § 8.01-581.02;
>
> 4. An order confirming or denying an award;
>
> 5. An order modifying or correcting an award;
>
> 6. An order vacating an award without directing a rehearing; or
>
> 7. A judgment or decree entered pursuant to the provisions of this article.
>
> The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

Our Supreme Court held in *Seguin* that "Code § 8.01-581.016 does not grant a right to appeal an order granting an application to compel arbitration."[5] 277 Va. at 248. The Court found that the "clear and unambiguous" language of the statute foreclosed an appeal. *Id.*; *cf. Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("The choice to 'provid[e] for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration,' is consistent with Congress's purpose in the [Federal Arbitration Act] 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" (first quoting *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023); and then quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).

---

[5] After *Seguin* was decided in 2009, the General Assembly added what is now subsection 2 to Code § 8.01-581.016, allowing an appeal to the circuit court from "[a]n order by *a general district court* granting an application to compel arbitration." 2016 Va. Acts ch. 181 (emphasis added). But a circuit court's order compelling arbitration remains unappealable.

*Seguin* further held that the order compelling arbitration was not a final order that could be appealed under Code § 8.01-670(A)(3), which at the time conferred appellate jurisdiction on the Supreme Court to hear an appeal from "a final judgment" in a civil case. The Court explained that "[a]n order that compels arbitration . . . is not a final judgment order" because "the circuit court retains jurisdiction to vacate an arbitration award" under Code § 8.01-581.010 as well as jurisdiction "to modify or correct an arbitration award" under Code § 8.01-581.011. 277 Va. at 248-49. There is no basis for a different conclusion now that appellate jurisdiction to review final orders in civil cases has been transferred from the Supreme Court (former Code § 8.01-670(A)(3)) to the Court of Appeals (Code § 17.1-405(A)(3)). *See* 2021 Va. Acts Spec. Sess. I ch. 489, at 1504, 1518.

In short, the March 2024 order appointing Judge Poston as the substitute arbitrator is not itself appealable because it is *not* an order listed as appealable under Code § 8.01-581.016.[6] Nor is it an appealable final order under Code § 17.1-405(A)(3) because, as in *Seguin*, the order contemplates further action by the arbitrator and, potentially, the circuit court.

But there is more to the appellate-jurisdiction question here than the appealability of the order appointing Judge Poston. In fact, Potter and the Hemmises are not challenging that order at all. They want to return to arbitration with Judge Poston. Instead, they are challenging the November 2020 partial-summary-judgment order vacating Judge Canada's July 2019 preaward ruling. Whether the circuit court had jurisdiction to review *that* preaward ruling, and whether we have appellate jurisdiction to review the circuit court's decision to vacate it, present knotty questions.

---

[6] We also reject appellants' fallback claim that the March 2024 appointing Judge Poston is appealable under Code § 8.01-581.016(6) as "an order vacating an award without directing a rehearing." The March 2024 order facilitated arbitration by appointing Judge Poston as the substitute arbitrator. It also did not "vacat[e]" an arbitration award.

To start, Potter and the Hemmises did not necessarily forfeit their right to appeal the November 2020 order vacating Judge Canada's preliminary-injunction ruling simply because they chose not to file an interlocutory petition for review in the Supreme Court within 15 days of that ruling under Code § 8.01-626. *See French v. Chapin-Sacks Mfg. Co.*, 118 Va. 117, 121 (1915) (holding that the failure to pursue interlocutory review under the statutory predecessor to Code 8.01-626 did not prohibit review of the injunction on appeal from the final order). "[I]t is well established that an 'adverse interlocutory adjudication may be the subject of appeal from the final adjudication.'" *Meidan, Inc. v. Leavell*, 62 Va. App. 436, 441 (2013) (quoting *Smith v. Woodlawn Constr. Co.*, 235 Va. 424, 429 (1988)).

Although the March 2024 order appointing Judge Poston was not itself appealable under *Seguin*, did the November 2020 order vacating Judge Canada's preliminary injunction become appealable upon the conclusion of the proceedings that ended with the March 2024 order? That is the threshold jurisdictional question.

The Revised Uniform Arbitration Act of 2000 (RUAA) answers that question. Section 8(b)(1) empowers an arbitrator to "issue orders for provisional remedies, including interim awards, as . . . necessary to protect the effectiveness of the arbitration . . . and to promote the fair and expeditious resolution of the controversy, to the same extent . . . as if the controversy were the subject of a civil action." 7 Uniform Laws Annotated, *supra*, at 34. Section 18 then provides a mechanism for expedited judicial enforcement of a preaward ruling, except that only the prevailing party may seek such enforcement, and it may do so only if the arbitrator first incorporates the preaward ruling into a judicially enforceable "award":

> If an arbitrator makes a preaward ruling in favor of a party . . . , the party may request the arbitrator to incorporate the ruling in an award . . . . A prevailing party may make a [motion] to the court for an expedited order to confirm the award . . . , in which case the court shall summarily decide the [motion]. The court shall issue an

> order to confirm the award unless the court vacates, modifies, or
> corrects the award . . . .

*Id.* at 66.  But as the drafters explained, "There is no provision . . . for an *appeal* from a court decision on a preaward ruling by an arbitrator.  The intent of the statute is not to allow such orders from a lower court to be appealed."  RUAA § 18 cmt. 3, 7 Uniform Laws Annotated, *supra*, at 67 (emphasis added).[7]

Had Virginia adopted those provisions of the RUAA, it would be clear that the circuit court lacked jurisdiction to review the preaward ruling because the arbitrator did not reduce it to an enforceable award and judicial review was sought by the party opposing the award (the Bridgeman parties), not the party who prevailed before the arbitrator (Potter and the Hemmises). Likewise, as comment 3 to RUAA § 18 indicates, we would lack appellate jurisdiction to review the circuit court's order vacating Judge Canada's preliminary injunction.

But since Virginia has not adopted the RUAA, it remains murky whether a circuit court may enforce or vacate an arbitrator's preaward ruling, let alone whether we have appellate jurisdiction to review a circuit court's order that does so.  The absence of such express statutory language is not necessarily dispositive.  The Federal Arbitration Act, for instance, likewise has no provisions governing judicial review of preaward rulings.  Yet federal courts have generally held that they can enforce preaward rulings when necessary to preserve the arbitrator's ability to resolve the dispute.[8]

---

[7] The RUAA did not materially change the appeal provisions of the Uniform Arbitration Act of 1956.  *Compare* RUAA § 28 (2000), 7 Uniform Laws Annotated, *supra*, at 94, *with* UAA § 19 (1956), 7 Uniform Laws Annotated, *supra*, at 739.

[8] *See, e.g.*, *Arrowhead Global Solutions, Inc. v. Datapath, Inc.*, 166 F. App'x 39, 44 (4th Cir. 2006) ("[A]s the other circuits to have addressed this issue recognize, arbitration panels must have the power to issue temporary equitable relief in the nature of a preliminary injunction, and district courts must have the power to confirm and enforce that equitable relief as 'final' in order for the equitable relief to have teeth."); *Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046, 1049 (6th Cir. 1984) (enforcing arbitrator's interim award requiring city to continue

Given the absence of controlling authority here and the fact that Virginia has not adopted the RUAA, we decline to decide whether the circuit court had jurisdiction to review Judge Canada's preaward order or whether we have appellate jurisdiction to review the circuit court's ruling. There is a better and narrower ground on which to resolve this appeal.

### B. *The appeal is moot.*

We need not resolve those difficult jurisdictional questions because the controversy surrounding Judge Canada's preaward order became moot in July 2020 when the VA terminated Potter from the project. Potter argues that its challenge to the circuit court's order vacating Judge Canada's ruling remains a live controversy. At oral argument, Potter floated the idea that, if Judge Canada's order is retroactively reinstated, then perhaps Comfort Systems and Heartland violated the preliminary injunction against contacting subcontractors when the performance-bond surety hired them in 2021 to finish the work.

We are not persuaded. For one thing, a party cannot violate an injunction after it has been vacated. For another, Judge Canada's order plainly became moot when the VA terminated Potter from the project. Recall that Judge Canada's preaward ruling terminated Heartland as Potter's subcontractor and enjoined the Bridgeman parties (i) not to interfere with Potter's completion of the project or its takeover of other subcontracts, and (ii) not to institute any legal

---

performance of coal purchase contract until further order of arbitration panel); *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022-23 (9th Cir. 1991) ("Temporary equitable relief in arbitration may be essential to preserve assets or enforce performance which, if not preserved or enforced, may render a final award meaningless. However, if temporary equitable relief is to have any meaning, the relief must be enforceable at the time it is granted, not after an arbitrator's final decision on the merits." (footnote omitted)); *Yahoo! Inc. v. Microsoft Corp.*, 983 F. Supp. 2d 310, 319 (S.D.N.Y. 2013) ("[I]f 'an arbitral award of equitable relief based upon a finding of irreparable harm is to have any meaning at all, the parties must be capable of enforcing or vacating it at the time it is made.'" (quoting *S. Seas Nav. Ltd. v. Petroleos Mexicanos*, 606 F. Supp. 692, 694 (S.D.N.Y. 1985))). *But see Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 413, 414 (2d Cir. 1980) (holding that the district court should have declined jurisdiction because it had no authority under the FAA to hear matters from arbitration that were interlocutory in nature).

action concerning the project. The ruling reserved all other matters for the arbitration to come. But once the VA terminated Potter from the project, Judge Canada's order no longer affected the rights that Potter sought to protect. And any remaining claims between the parties will be resolved in the pending arbitration. As Potter and the Hemmises recognized in the circuit court:

- "There would be no purpose to have a redecision on this temporary injunction order because the issue is moot."

- "[T]he issues that brought about the entry of that order are moot."

- "The whole point of the order was to stop [the Bridgeman parties from] interfering with our ability to finish the project . . . . On July 20 of [2020] the VA terminated us. The project is over. There's no project for Heartland to work on. There's . . . are no subcontractors that we could try to get to work on the project. There are no subcontractors that Heartland could interfere with and prevent them from working on. It is over."

We agree.

To be sure, the circuit court did not accept Potter's position that the controversy surrounding the preaward order was moot. Perhaps it was persuaded by Comfort Systems and Heartland's retort. They argued that Judge Canada's order terminating them as subcontractors was not moot as to them because they suffered continuing harm by having to report in future public-construction-contract bids that they had been terminated. But Comfort Systems and Heartland are not the appellants here, Potter and the Hemmises are. "[S]tanding 'must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.'" *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (quoting *Arizonans for Off. Eng. v. Ariz.*, 520 U.S. 43, 64 (1997)). Potter and the Hemmises have failed to persuade us that they are suffering any collateral consequences from the circuit court's decision to vacate Judge Canada's preliminary-injunction order, given that the VA terminated Potter altogether from the project.[9]

---

[9] Thus, we need not decide whether Potter and the Hemmises are independently barred by the approbate-reprobate doctrine from claiming on appeal that the case is not moot when they took the opposite position below. *See Commonwealth v. Holman*, 303 Va. 62, 71 (2024) ("Under

- 12 -

Potter and the Hemmises request that, if we dismiss this appeal as moot, we vacate the circuit court's partial-summary-judgment order vacating Judge Canada's preaward order. In 2020, our Supreme Court adopted the majority rule in other jurisdictions that "[w]hen a prevailing party voluntarily and unilaterally moots a case, preventing an appellant from obtaining appellate review, vacatur of lower court judgments is generally appropriate." *Bd. of Supervisors v. Ratcliff*, 298 Va. 622, 623 & n.* (2020) (per curiam). As principal authorities, *Ratcliff* cited *Camreta v. Greene*, 563 U.S. 692, 712 (2011), and *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994). *Id.* at 623. More recently, in *Commonwealth v. Browne*, 303 Va. 90 (2024) (per curiam), the Court found that vacatur was also appropriate "[w]hen a case becomes moot during the pendency of an appeal through no fault of the appellant." *Id.* at 95.

Still, vacatur is an "extraordinary remedy." *U.S. Bancorp*, 513 U.S. at 26. And "[i]t is [the] petitioner's burden, as the party seeking relief from the status quo of the . . . judgment, to demonstrate . . . equitable entitlement" to vacatur. *Id.* *See* 15 Daniel R. Coquillette et al., *Moore's Federal Practice—Civil* § 101.97[2] (2024) (Vacatur of Lower Court Judgment). "Whether to vacate must be determined on a case-by-case basis, governed by the facts and equitable factors rather than by inflexible rules." *Id.* (collecting cases).

Concluding that Potter and the Hemmises have not carried their burden here, we exercise our equitable discretion to decline vacatur. This is not a case where the prevailing party below— the Bridgeman parties—"voluntarily and unilaterally moot[ed] [the] case, preventing [Potter] a[s] appellant from obtaining appellate review." *Ratcliff*, 298 Va. at 623. Rather, any interest

settled principles, a litigant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009))); *Wooten v. Bank of Am., N.A.*, 290 Va. 306, 310 n.1 (2015) (noting that the approbate-reprobate doctrine "can, and often does, involve legal positions taken by a party" and "can apply even if a court does not rely upon the earlier representation").

that Potter and the Hemmises had in enforcing Judge Canada's preaward ruling was mooted when the VA terminated Potter from the project. Potter and the Hemmises have failed to show that Potter's termination occurred "through no fault of" their own. *Browne*, 303 Va. at 95.

CONCLUSION

In short, the interests of Potter and the Hemmises in preserving Judge Canada's preaward ruling were mooted when the VA terminated Potter from the project. We therefore dismiss the appeal as moot without reaching the more difficult jurisdictional questions that lurk in this case.

*Dismissed.*